IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICKY NELSON ESPINOSA PEREZ and MARIA ELENA VILORIA MOLLER on Their own and on behalf of their CONJUGAL PARTNERSHIP and on behalf of their minor child NELSON E. ESPINOSA VILORIA<br><br>Plaintiffs<br><br>vs.<br><br>EMPIRE GAS CORPORATION INC., RIVERA GAS COMPANY, INSURANCE COMPANIES X,Y,Z CORPORATION X<br><br>Defendants | CIVIL NO.: 04-2352 DRD<br><br>TORT ACTION<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

PLAINTIFFS' ORIGINAL COMPLAINT

**COME NOW** Plaintiffs, through their undersigned attorneys, and file this their Original Complaint and respectfully state, allege and pray as follows:

1.
JURISDICTION AND VENUE

1.1  This action is brought pursuant to 28 U.S.C. §1332(a). Plaintiffs aver that the amount in controversy clearly exceeds $75,000.00 and the controversy arises between citizens of different states as is required by the statute to invoke the "Diversity of Citizenship" jurisdiction of this

Court.

1.2  This Court has venue pursuant to 28 U.S.C. §1391 because, as detailed herein, the claims asserted in this action arose in this judicial district.

## 2.
## IDENTIFICATION OF PLAINTIFFS

2.1  At all times herein material, plaintiffs are citizens of the United States of America with residence and domicile in Houston, Texas. **RICKY NELSON ESPINOSA PEREZ** (hereinafter "Ricky") and **MARIA ELENA VILORIA MOLLER** hereinafter ("Maria") are married to each other and are the biological parents **NELSON E. ESPINOSA VILORIA**, a minor child. They represent the Conjugal Partnership and their minor child, **NELSON E. ESPINOSA VILORIA**.

## 3.
## IDENTIFICATION OF DEFENDANTS

3.1  At all times material herein, Empire Gas Company (hereinafter "Empire") is a corporation organized under the laws of Puerto Rico. It also has its principal place of business in the Commonwealth of Puerto Rico. The Defendant Empire may be served with citation in this cause as follows: Ramon Gonzalez Cordero, Urb. Monte Rey, #109 Andes St., Rio Piedras, Puerto Rico..

3.2  At all times material herein, Rivera Gas Company (hereinafter "Rivera") is a corporation organized under the laws of Puerto Rico. It also has its principal place of business in the Commonwealth of Puerto Rico. The Defendant Rivera may be served with citation in this

Rico.

3.3 Corporation X is an unidentified company doing business in a state other than the state of residence of Plaintiffs which supplies the liquified propane gas ("LPG") to the defendants in this case.

3.4 Insurance Companies X,Y,Z, upon information and belief are corporations organized under the laws of a State other than Texas and are authorized to conduct business in Puerto Rico.

### 4.
### SUBSTANTIVE ALLEGATIONS

4.1 At all relevant times herein, Defendant Rivera obtained liquified propane gas ("LPG") from Defendant Empire.

4.2 At all relevant times herein, Defendant Empire obtained LPG from Defendant Corporation X.

4.3 Defendants Empire and Corporation X are in the business of selling, distributing, and marketing LPG to companies like Defendant Rivera.

4.4 Defendant Rivera is in the business of selling, installing, marketing, servicing, and maintaining LPG cylinders which are used throughout single family and multifamily residences in Puerto Rico.

4.5 On Thursday, December 12, 2003, Plaintiffs contracted with Defendant Rivera to have Defendant Rivera replace a LPG cylinder which provided liquid propane gas to Plaintiffs' kitchen stove.

4.6 On Thursday, December 13, 2003, Defendant Rivera installed a replacement LPG cylinder at Plaintiffs' home, which at the time in question was located at F-18 19th Street, Fairview, San

Juan, Puerto Rico 00926.

4.7  At all relevant periods of time herein, Defendant Empire and Defendant Corporation X provided Defendant Rivera with the LPG cylinder in question, and both Defendant Empire and Defendant Corporation X filled the LPG cylinder in question with propane gas.

4.8  On December 14, 2003, Ricky discovered the LPG cylinder in question to be leaking propane gas.

4.9  On December 14, 2003, Ricky attempted to turn off the gas leaking from the LPG cylinder in question.

4.10  While attempting to turn off the gas leaking from the LPG cylinder in question, the propane gas that had already escaped from the LPG cylinder ignited from some ignition source.

4.11  As a result of the ignition of the escaped propane gas, a large fire ensued.

4.12  As a result of the intense propane gas fire, Ricky's body caught fire.

4.13  Ricky immediately jumped back from the flames shooting from the LPG cylinder and observed his flesh melting from his arms.

4.14  Ricky began yelling and screaming for help as he quickly ran away from the fire to the side of their home.

4.15  Ricky was met in the front yard by his wife, who was horrified to see her husband on fire and in tremendous pain and discomfort.

4.16  Ricky ran to the front lawn of his next door neighbors and sat down.

4.17  Ricky's wife called for their neighbors, both of whom were doctors, and requested their help and attend to Ricky.

4.18  Ricky's neighbors called 911 for an ambulance, and to also notify the fire department that a

fire truck be dispatched to extinguish the fire before it destroyed Plaintiffs' home and the homes of their neighbors.

4.19  Ricky experienced excruciating pain as he sat in his neighbor's front lawn awaiting emergency medical treatment.

4.20  Ricky waited more than 20 minutes for an ambulance to arrive and transport him to the hospital.

4.21  When the ambulance and paramedics arrived, Ricky was placed on a stretcher and loaded into the ambulance.

4.22  Ricky was transported to the emergency room of Medical Center Hospital in San Juan, Puerto Rico.

4.23  For the next 36 hours, Ricky received emergency medical care from the staff of the hospital.

4.24  While in the emergency department, Ricky continued to experience immense pain in his legs, feet, arms, hands, face, chest, and neck as the emergency room staff treated the burn injuries to his body.

4.25  On December 16, 2003, Ricky was transferred to the Burn Unit of Industrial Hospital.

4.26  For the next 10 weeks, Ricky remained a patient in the Burn Unit of Industrial Hospital where he received continuous treatment to his burn injuries.

4.27  On February 19, 2004, Ricky was discharged from Industrial Hospital on the basis that since his injury was not a work-related injury he would no longer be permitted to remain a patient of Industrial Hospital.

4.28  Since being discharged from the hospital, Ricky has been under the care of surgeons specializing in the care and treatment of burn victims like Ricky.

4.29 Ricky has also had to complete extensive rehabilitation and physical therapy in an effort to keep his burn wounds from contracting.

4.30 One or more representatives from Defendant Rivera and Defendant Empire visited Ricky's house following this incident with the intention of removing pieces of the propane gas tank system in question.

4.31 Representatives from Defendant Empire or Defendant Rivera removed pieces of the propane gas tank system in question from the scene on December 15, 2003, less than 24 hours after this incident occurred and have not returned the removed pieces of the propane gas tank system to Plaintiffs.

## 5.
## CAUSES OF ACTION

5.1 As the distributor, seller, and marketer of LPG cylinders, Defendants Empire, Corporation X, and Rivera knew that such LPG cylinders were inherently dangerous products because of the possibility that propane gas may escape from misused, abused, or overfilled cylinders and could result in fires which might seriously injure persons located nearby if the gas was ignited. Moreover, no warnings or instructions of any kind were given concerning this hazard.

5.2 Defendants Empire, Corporation X, and Rivera, by and through their agents, servants and employees, were also negligent in one or more of the following manners:

   e. In failing to properly fill the LPG cylinder in question;

   b. In failing to properly install the LPG cylinder in question;

   c. In failing to properly maintain the LPG cylinder in question;

   d. In failing to properly provide warnings to customers about the hazards associated

with propane gas and the propane gas tank system;

e. In failing to properly provide instructions concerning propane gas and the propane gas tank system;

f. In failing to regularly inspect its LPG cylinders to determine whether such LPG cylinders should remain in service or should be removed from circulation;

g. In failing to withdraw the LPG cylinder in question from service;

h. In failing to properly train their employees, agents, representatives, and servants concerning the proper method for installing, maintaining, and servicing LPG cylinders;

I. In failing to adequately service and repair LPG cylinders;

j. In improperly allowing an antiquated and previously damaged LPG cylinder to be used at Ricky's home;

k. In failing to properly test their LPG cylinders to determine whether such cylinders have, or might develop, gas leaks;

l. In failing to adequately supervise their employees to ensure proper installation, service, maintenance, repair, and assembly of such LPG cylinders; and,

m. In failing to abide by applicable safety rules and regulations pertaining to propane gas and/or LPG cylinders.

5.3 Each of the above acts of negligence was a proximate cause of the injuries suffered by Ricky in this suit as well as the damages of your Plaintiffs' collectively.

5.4 Insurance Companies X,Y,Z, are directly liable for plaintiffs' injuries based upon defendants' insurance policies that provide coverage for accidents such as the one in this case and under

the local Insurance Code.

## 6.
## DAMAGES

6.1   Plaintiff, **RICKY NELSON ESPINOSA PEREZ**, suffered and continues to suffer great mental anguish, physical and moral pain because of his injuries. Ricky suffered 2nd and 3rd degree burns over 48% of his body surface.

6.2   He was hospitalized for 66 days, and the daily medical treatment of burn patients is extremely painful.

6.3   Ricky underwent debridement, a process that consists of the scraping away of the dead and damaged skin. It is analogous to being skinned alive and is extremely painful.

6.4   Further, the severe burn injuries have resulted in the inability of Ricky to enjoy his marital relationship and he has therefore suffered a permanent loss of consortium.

6.5   Also, as a result of the disabling burn injuries he sustained, Ricky is unable to play with and be active with his young son.

6.6   Because of the burns, the appearance of his body has been substantially altered and disfigured. His body is now covered with horrible scars.

6.7   Ricky has therefore suffered a great amount of cosmetic and aesthetic.

6.8   Before the incident occurred, Ricky received a great deal of pleasure from a number of different activities.

6.9   Ricky was very involved in a variety of cultural and civic activities which he enjoyed tremendously.

6.10  Ricky also owned several horses and enjoyed horseback riding in his spare time.

6.11   The injuries suffered by Ricky have resulted in an incalculable amount of a loss of past and future enjoyment of life.

6.12   Ricky has suffered a loss of love, society, consortium, among other things due to his injuries.

6.13   Almost all, if not all, of his pleasurable activities in life have been forever materially and substantially lost to him.

6.14   Ricky held the position of Assistant Librarian at the University of Puerto Rico, Rio Piedras Campus, as well as being the Director of the Carnegie Library in Old San Juan, Puerto Rico.

6.15   In his last year of full employment, Ricky earned $51,658.00.

6.16   He also received regular benefits as a member of the United States National Guard.

6.17   At the time of the incident, Ricky was only forty-one (41) years old. Because of the extensive injuries received in the fire, he is now totally disabled and unable to perform his job functions as an assistant librarian or as the Director of the Carnegie Library.

6.18   Also, because of the extent of his burn injuries, Ricky is no longer able to perform the physical requirements necessary to maintain his active duty status with the United States National Guard.

6.19   Ricky has suffered and will continue to suffer an enormous amount of medical and related expenses in the past and will likely continue to suffer such expenses in the future.

6.20   As a result of the extensive burn injuries suffered by Ricky in this incident, Ricky has incurred substantial medical expenses in the past.

6.21   Ricky will require significant medical treatment in the future to correct and treat the burn injuries Ricky sustained as a result of this incident. Therefore, it is estimated that Ricky will incur substantial medical expenses in ths future for this necessary medical care.

6.22   Ricky will also require psychiatric counseling for the rest of his life to treat his depression, anxiety, and emotional distress suffered as a result of this incident.

6.23   Plaintiff, **MARIA ELENA VILORIA MOLLER**, who is the wife of Ricky, suffered and continues to suffer great mental anguish, and moral pain because of her husband's injuries.

6.24   Maria was at home the morning this incident occurred and she witnessed her husband on fire as a result of the propane gas fire on December 14, 2003.

6.25   Maria underwent an extremely traumatizing experience upon seeing her husband immediately after the incident. Maria was severely affected emotionally by this incident.

6.26   Maria visited her husband on a regular basis while he was at the hospital, while continuing to care for their newborn son.

6.27   As a result of this incident, she was and is very conscious of her husband's extreme suffering and this has tormented and continues to torment her psychologically.

6.28   Maria has suffered and will continue to suffer a large amount of loss of past and future enjoyment of life. The relationship that Maria had with her husband has been drastically modified.

6.29   During the last year, she has suffered a loss of his society, love, companionship, consortium, assistance with the family affairs, help with the household chores among other things.

6.30   The fact that Maria and Ricky were married just a few years before this incident and had such a new loving relationship has served to increase the emotional impact resulting from Ricky's disabling burn injuries.

6.31   Plaintiff, **NELSON E. ESPINOSA VILORIA** ("Little Ricky"), is the young son of Ricky and

Maria.

6.32 As a result of the significant burn injuries to his father, as well as the resulting disabilities caused by such burn injuries, Little Ricky has been unable to enjoy a normal relationship with his father.

6.33 Ricky's disabling condition makes it difficult for him to play with his son, lift his son, or participate in many of the enjoyable activities a normal parent shares with a child of similar tender years.

6.34 Plaintiffs hereby assert that the sum of their damages as a proximate cause of this incident is at least $12,500,000 (Twelve Million Five Hundred Thousand Dollars), and Plaintiffs hereby sue for said amount.

## 7.
## DEMAND FOR TRIAL BY JURY

7.1 Plaintiffs demand that all issues of material fact be tried by jury.

## 8.
## PRAYER

8.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants Empire Gas Company, Rivera Gas Company, and Corporation X be cited in terms of law to appear and answer herein; and that upon final trial and hearing hereof, your Plaintiffs have judgment against the Defendants, jointly and severally, in the just and reasonable sum above stated, or for such other and different amounts as they shall show by proper amendment before verdict; for interest on the judgment at the legal rate, for costs of Court, and for such other and further

relief, both general and special, at law or in equity, to which they may be justly entitled, to which the jury believes them deserving and for which they will ever pray.

Respectfully submitted,

_____
HOWARD H.B. CHARLES
USDC-PR 217308
Attorneys for Plaintiffs
CHARLES & CHARLES LAW OFFICES, P.S.C.
P.O. Box 21448
San Juan, P.R. 00931-1448
Tel. (787) 756-6886
Fax (787) 765-6932

**ATTORNEYS FOR PLAINTIFF**