UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICKY NELSON ESPINOSA, et al.**
**Plaintiffs**

v.  CIVIL NO.: 04-2352(DRD)

**EMPIRE GAS CORPORATION INC., et al.,**
**Defendants**

### DISMISSAL ORDER WITHOUT PREJUDICE

Pending before the court is a *Motion Requesting Entry of Default* (Docket 10) and an *Amended Motion Requesting Entry of Default*, (Docket No. 15) brought by plaintiffs, Ricky Nelson Espinosa and Maria Elena Viloria Moller together with the conjugal partnership and on behalf of their minor child Nelson E. Espinosa Viloria, against defendant **Rivera Gas Company**, alleging failure to answer the complaint within the term of twenty days, prescribed by Rule 12 (a) (1) (A) of the Federal Rules of Civil Procedure, 28 U.S.C.  The court on the other hand dismisses plaintiff's case and for the reasons stated herein, the Court hereby **DISMISSES** all claims against Defendants **WITHOUT PREJUDICE**

### RULE 55 (a) STANDARD

An Entry of Default is an interlocutory order--entered in anticipation of a final judgment-- formally recognizing that a party "has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]." U.S. v 23,000 in U.S. Currency, 356 F. 3d 157 (1st Cir. 2004).  Therefore, the party seeking a default judgment under Rule 55(b), must first comply with an entry of default provided by Rule 55 (a).  Meehan v. Snow, 652 F. 2d 2743 (2nd Cir. 1981).  In order for a clerk to grant an entry of default, the claim must seek an affirmative relief against the party who has allegedly failed to plead or otherwise defend.  Hogland v. Bass, 338 U.S. 816, 70 S Ct.  57 (1949). In addition, the court must have jurisdiction over the causes of action seeking relief and over the party who has allegedly failed to plead or otherwise defend.  **"The court must have personal and subject-matter jurisdiction over defendants in order to enter a default judgment."**  Patray v. Northwest Pub, Inc., 931 F. Supp 865 (S.D. Ga. 1996).

An entry of default, can be granted against any party who has failed to act in accordance with Rule 7(a) on one of the following instances:  a) failure to reply to a counterclaim; or,  b) failure to reply to a cross-claim, *See* U.S. v. Foust Distilling Company, 36 F.R.D. 92 (M.D.Pa., 1960).  An entry of default can also be entered if the party has failed to plead or otherwise defend as provided by Rule 12(a).  *See* Orange Theatre Corp. v. Rayherstz Amusement Corp, 130 F2d 185 (3rd Cir. 1942).  Finally, a default may be entered if the party has failed to conform with Rule 37, for violation of one of the discovery rules.  A special situation occurs when the entry of default is by virtue of Rule 12(b)(6).  It should be noted that the concept "otherwise defend" contemplates "attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." Hoagland v. Bass, 172 F 2d 210 (2nd Cir. 1981).  In light of this precedent, it has been established that a motion requesting an entry of default can be awarded,

by reason of Rule 12(b)(6) for failure to state a cause for which relief can be granted. Rudnick v. Sullivan 189 F. Supp. 714 (D.C. Mass. 1967)  Last but not least, most circuits have established that the mere appearance of a party in court, without a lawyer, does not call for an entry of default. *See,* Wendt v. Pratt, 154 F. R. D. 229 (D.C. Minn. 1994).  Nonetheless, the court has the discretion, always, to grant an entry of default or grant additional time to the party to plead or otherwise defend, as long as the delay does not put at harm the other party. *See*, First Am Bank N.A. v. United Equity Corp, 89 F.R.D.81 (D.C.D.C. 1981).

## LEGAL ANALYSIS

In the case at bar, plaintiffs request an entry of default by virtue that defendant, **Rivera Gas Company,** has failed to answer the complaint within the term of twenty days prescribed by Rule 12 (a) (1) (A) of the Fed. R. Civ. P.  On December 4, 2004, plaintiffs filed the instant action before this Court and  on December 21, 2004, defendant **Rivera Gas Company** was served process.  Said process was served upon Rivera Gas' President's wife, and advised the defendant that it had twenty days to file its answer to the complaint, pursuant to Rule 12 (a)(1)(A), Fed.R.Civ.P., 28 U.S.C.

The complaint shows as named defendants, Empire Gas Corporation, Inc. and **Rivera Gas Company**, amongst others. (See Docket No. 1, ¶¶ 3.1-3.2)  At all relevant times, the complaint refers to defendant **Rivera Gas Company** as "**defendant Rivera**" or "**Rivera Gas Company**". Nonetheless, the summons issued on December 21, 2004 against defendant **Rivera Gas *Company***, was addressed to **Rivera Gas, *Inc***.  (See, Docket No. 8).  **This Court takes notice that Rivera Gas, Inc. has not been included nor identified as a party in this case**. According to Rule 4(a),  Fed. R. Civ. P., "the summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff."  In  light of the reasons stated above, the summons issued on December21, 2004 suffers errors of form inasmuch **Rivera Gas, Inc.**, is not a named defendant nor summons on the name of **Rivera Gas Company** have been issued.

The summons issued on the instant case identified **Rivera Gas, *Inc***., as a party which is not a defendant in the instant case.  Should the summons, against **Rivera Gas Inc.**, have been served upon **Rivera Gas Company**, as alleged by plaintiffs, the named defendant is under no obligation to answer the complaint, because  **Rivera Gas Company** received a summons that gives them notice of a lawsuit that is not against them rather it is against a third party not named in the instant complaint, to wit, **Rivera Gas, *Inc***.  As of today, **Rivera Gas Company** has not been properly informed of the cause of action filed by plaintiffs.  "The purpose of the summons is [to] give notice to the defendant that it has been sued." Grooms v. Greyhound Corp., 287 F. 2d 95 (6th Cir. 1961). "It  must further be noted briefly that the principal objective or purpose of service of process is to give to the other party notice of the proceedings against him.  It is the means by which he [defendant] may be afforded the opportunity to appear and be heard." Hoffman v. United Telecommunications, Inc., 575 F. Supp. 1463 (D.C. Kan. 1983).

Consequently, this Court cannot grant plaintiffs' *Amended Motion Requesting Entry of Default* (Docket No. 15).  The Court acknowledges that in the pending case, firstly, the captioned defendant has not been properly informed of the plaintiffs' claims, and second, the court has not

obtained personal jurisdiction over the defendant, **Rivera Gas Company**. *See* U.S. v. Bluewater-Toltec Irrigation, Dist, 100 F.R.D. 687 (D.C.N.M. 1983).

Furthermore, on February 25, 2005, plaintiffs filed a *Motion Requesting Issuance of Summons* (Docket No. 11) against a third party, also, by the name of **Rivera Gas Company**. In that motion, plaintiffs stated that " [o]n December 21, 2004, plaintiffs served **Rivera Gas *Service*** with a summons and a copy of the complaint." (Docket No. 11, ¶ 3). Having reviewed said motion requesting issuance of summons, the court recognizes the introduction of two new parties, to wit, **Rivera Gas *Service*** and a second **Rivera Gas Company**, which have not been included as defendants in the complaint. Plaintiffs, then, filed a *Motion for Leave to File Plaintiffs' First Amended Complaint* (Docket No. 13) with the intention to amend the complaint in order to include as a defendant, Mr. Pedro Rivera d/b/a Rivera Gas and/or Betancourt Gas. (Docket No. 13, ¶ 3.2). In this said motion, plaintiffs provide no mention of **Rivera Gas *Service*** or the second **Rivera Gas Company**, failing to include or exclude these two new parties in the cause of action.

At this stage of the proceedings, it is difficult for the Court to discern plaintiffs' intent as to who are the real defendants in this case, besides Empire Gas Corporation, Inc. Plaintiffs have exchanged the names **Rivera Gas**, **Rivera Gas Service**, **Rivera Gas Company**, and **Rivera Gas Inc.**, in a way that the Court may properly ascertain the true identity of the parties. Plaintiffs should be aware that "the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." Moreover, "the court has no obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F. 2d 18, 19 (1st Cir. 1990). In the case at bar, the Court finds that plaintiffs have failed to be diligent in identifying which parties shall be deemed the proper defendants. As the evidence indicates, plaintiffs have shown a lack of interest in vindicating whatever rights they may have. Zavala Santiago v. González Rivera, 553 F. 2d 710, 713 (1st Cir. 1977).

The Court cannot sit idly waiting for plaintiffs to litigate its case at its pleasure. Courts have the authority to manage their dockets, which includes the ability to sanction attorneys or to dismiss cases. Crossman v. Raytheon Long Term Disability Plan, 316 F 3d. 36, 38 (1st Cir. 2002).

For the reasons stated above, the Court hereby **DISMISSES** all claims against defendants **WITHOUT PREJUDICE** given plaintiffs' failure to proper and adequately identify who are the defendants in this case. The Court strongly encourages the plaintiffs to diligently examine who the real party in interest is and then proceed against said party. Further, plaintiff shall refer to the real party in a consistent fashion in order to avoid dispositive motions or motions quashing the service of process resulting from a defective pleading. **Judgment shall be entered accordingly.**

**THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 28th day of July 2005.

                                                **S/DANIEL R. DOMINGUEZ**
                                                 **DANIEL R. DOMINGUEZ**
                                                     **U.S. DISTRICT JUDGE**